**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHER DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 09-CR-0143-001-GKF |
| ) | |
| JAMES EDWARD PEEL, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is Defendant's motion (Doc. # 57) requesting modification of sentence for release to home detention. On July 13, 2010, Defendant entered a plea of guilty to a single-count Indictment charging Felon in Possession of Firearms and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 3, 2010, the Court varied from the prescribed guideline range of thirty to thirty-seven months and imposed a sentence of fifteen months based upon Defendant's motion for a non-guideline sentence. The sentence variance was based, to a large degree, upon Defendant's medical condition. Defendant was ordered to report to the designated prison facility on September 15, 2010, and the Court recommended that Defendant be placed in a Federal Medical Center. Defendant is currently incarcerated at the U.S. Medical Center for Federal prisoners at Springfield, Missouri, and has a projected custody release date of October 6, 2011.

In Defendant's motion, he brings forth two issues justifying his request. First, Defendant argues that he does not have access to adequate medical care within the Bureau of Prisons and release to home confinement would allow him access to private medical care with no expense to the government. Secondly, Defendant argues that he is eligible for up to one year of home confinement and has been denied due to "deliberate indifferences" with prison medical staff.

This Court does not have authority to consider Defendant's motion. Once a sentence is imposed, it is final. A district Court does not have authority to modify a previously imposed sentence; it may only do so pursuant to statutory authorization. See United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997) (holding that § 3582(c) permits modification of an imposed term of imprisonment only where a statute expressly provides for reduction of a previously imposed sentence). Nothing contained within Defendant's motion allows the Court to modify the sentence pursuant to 18 U.S.C. § 3582(c).

Pursuant to 18 U.S.C. § 3621, the Bureau of Prisons shall designate the place of the Defendant's imprisonment. At sentencing, the Court made a record of Defendant's medical conditions and recommended that the Bureau of Prisons designate Defendant to a Federal Medical Center. The Bureau of Prisons was notified of Defendant's medical concerns and Defendant was subsequently placed at the U.S. Medical Center for Federal Prisoners at Springfield, Missouri, where Defendant has access to prison medical staff and adequate medical care. Additionally, the Bureau of Prisons authority to designate the place of imprisonment extends through Defendant's pre-release placement. See Prows v. Federal Bureau of Prisons, 981 F.2d 466 (10th Cir. 1992) (holding that nothing within 18 U.S.C. § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period), and Brown v. Gross, 85 F.3d 640 (10th Cir. 1996) (unpublished) (holding that under 18 U.S.C. § 3624(c) the Bureau of Prisons has discretion regarding where a prisoner is held in pre-release confinement and a prisoner has no right to release to home confinement). The Court, therefore, has no authority to direct the Bureau of Prisons in their designation of Defendant's pre-release placement.

**IT IS THEREFORE ORDERED** that Defendant's motion (Doc. #57) requesting modification of sentence for release to home detention, is **dismissed for lack of jurisdiction.**

Dated this 22nd day of December, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma